IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. GENERAL SERVICES** | ) |
| **ADMINISTRATION,** | ) |
| 1800 F Street, NW | ) |
| Washington, DC 20405 | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

1. Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel Defendant GENERAL SERVICES ADMINISTRATION to discharge their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing final reports from Office of Inspector General investigations.

## PARTIES

2. Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio,

streaming video, print, and live events.  BLOOMBERG L.P. is one of the FOIA requesters in this case.

4. Defendant GENERAL SERVICES ADMINISTRATION ("GSA") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## AUGUST 27, 2025 FOIA REQUEST TO GSA

7. On August 27, 2025, Plaintiffs submitted a FOIA request to GSA for the following records from the Office of the Inspector General:

> 1. Unpublished/not publicly released final reports from closed OIG investigations. The release of records should include a copy of the closing memo, referral letter and any action taken. By unpublished I mean final reports that were not posted to a FOIA reading room, Oversight.gov or any other publicly accessible website or previously released publicly.
>
> The timeframe for this request is February 1, 2025 through the date the search for responsive records is conducted.

8. A true and correct copy of the FOIA request is attached as Exhibit 1.

9. On August 27, 2025, GSA acknowledged receipt of the FOIA request, assigned reference number 2025-GSAIG-FOIA-00128 to the matter, denied Plaintiffs' request for a fee waiver, and stated that Plaintiffs "should tentatively expect to receive a response from our office by September 25, 2025."

10. A true and correct copy of the acknowledgement letter is included in Exhibit 2.

11. On September 24, 2025, Plaintiffs asked GSA to provide an estimated date of completion.  *Id*.

12. On September 25, 2025, GSA sought an extension of ten business days to respond to the request and stated that Plaintiffs "should expect a reply on or before October 9, 2025."

13. A true and correct copy of the correspondence is attached as Exhibit 3.

14. On November 14, 2025, Plaintiffs administratively appealed the denial of their request for a fee waiver.

15. A true and correct copy of the correspondence is included in Exhibit 4.

16. On November 21, 2025, GSA acknowledged receipt of the administrative appeal, noting that it "may not have been completely clear on the categorization" regarding fees and stating that Plaintiffs "were classified as a news media requestor" which "are not subject to search or review fees," therefore a fee waiver "was not necessary." *Id*.

17. On December 1, 2025, Plaintiffs withdrew their administrative appeal regarding the fee waiver denial. *Id*.

18. On December 1, 2025, GSA stated that it would "close out" the administrative appeal.

19. GSA did not send any further correspondence to Plaintiffs regarding this request.

20. As of the date of this filing, GSA has not issued a determination on Plaintiffs' request.

21. As of the date of this filing, GSA has failed to make any responsive records promptly available to Plaintiffs.

**COUNT I – GSA'S FOIA VIOLATION**

22. Paragraphs 1-21 are incorporated by reference.

23. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

24. Defendant GSA is a federal agency subject to FOIA.

25. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

26. Defendant GSA has failed to conduct a reasonable search for records responsive to the request.

27. Defendant GSA has failed to issue a complete determination within the statutory deadline.

28. Defendant GSA has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

    i.    declare that Defendant has violated FOIA;

    ii.    order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

    iii.    enjoin Defendant from withholding non-exempt public records under FOIA;

    iv.    award Plaintiffs attorneys' fees and costs; and

    v.    award such other relief the Court considers appropriate.

Dated: December 15, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor

                          Chicago, IL 60607
                          312-243-5900
                          foia@loevy.com